## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD FEDDER, | : | |
| TRACEY HENDRY | : | |
| Plaintiffs | : | Civil Action No. 2:11-cv-7650 |
| | : | |
| v. | : | |
| | : | |
| PHELAN HALLINAN & SCHMEIG, | : | |
| NATIONWIDE MORTGAGE L.L.C., | : | |
| LISA HOLCOMBE, | : | |
| FULL SPECTRUM SERVICES, INC. | : | |
| | : | |
| Defendants | : | |

### DEFENDANTS' MOTION TO DISMISS
### PLAINTIFFS' COMPLAINT UNDER RULES 12(b)(6) and 9(b)

Defendants Phelan Hallinan & Schmeig, L.L.P. (incorrectly named as "Phelan Hallinan & Schmeig") and Full Spectrum Services, Inc. ("Defendants") respectfully move the Court to dismiss Plaintiffs' Complaint pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure. The bases for this Motion are set forth in the accompanying Brief. A proposed form of order is submitted herewith.

Dated: **April 13, 2012**

By:   **FLASTER/GREENBERG P.C.**

 *s/ Kenneth Goodkind*
Kenneth Goodkind
1810 Chapel Avenue West
Cherry Hill, NJ 08002
Tel: (856) 6661-1900
Fax: (856) 661-1919
*Attorneys for Defendant Phelan Hallinan & Schmeig, L.L.P. and Full Spectrum Services, Inc.*

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD FEDDER,<br>TRACEY HENDRY,<br>                        Plaintiffs,<br><br>    v.<br><br>PHELAN HALLINAN & SCHMEIG,<br>NATIONWIDE MORTGAGE L.L.C.,<br>LISA HOLCOMBE,<br>FULL SPECTRUM SERVICES, INC.,<br><br>                  Defendants. | :<br>:<br>:  Civil Action No. 2:11-cv-7650<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## BRIEF IN SUPPORT OF DEFENDANTS' RULE 12(b)(6) AND RULE 9(b) MOTION TO DISMISS PLAINTIFF'S COMPLAINT

### I.      INTRODUCTION

The unsupported, formulaic recitations of the Fair Debt Collection Practices Act (the "FDCPA") and the assertion of legally-barred common law and civil rights claims which make up the allegations against Defendants Phelan Hallinan & Schmeig, L.L.P. ("PHS") (incorrectly named as "Phelan Hallinan & Schmeig") and Full Spectrum Services, Inc. ("Full Spectrum") render Plaintiffs' Complaint legally unsustainable, thus mandating dismissal of all claims against PHS and Full Spectrum (collectively, the "UnDefendants").  Plaintiffs Fedder and Hendry have not pointed to a single fact making it plausible that the UnDefendants are liable for the claims alleged.  As set forth fully below, the Complaint's claims against the UnDefendants must be dismissed in their entirety as matter of law.

### II.      FACTS

To facilitate the Court's understanding of the case, the following brief background facts are provided.  PHS is a law firm which provides loss mitigation, foreclosure and bankruptcy

services throughout Pennsylvania to its clients, which consist primarily of mortgage lenders and servicers.  See PHELAN HALLINAN & SCHMIEG, L.L.P., http://fedphe.com (last visited April 10, 2012).  For decades PHS has been approved as a designated counsel in Pennsylvania by each of Fannie Mae and Freddie Mac.[1]  Id.

Full Spectrum is a "full service legal support firm based in the Philadelphia area," providing a variety of services, including filing, processing and serving complaints.  See Full SPECTRUM SERVICES, http://frs-panj.com/Services.html (last visited April 10, 2012).  Plaintiffs' allegations center on the filing of a Foreclosure Complaint and a Motion for Summary Judgment in Pennsylvania State Court ("the State Court Litigation") by PHS on behalf of its client, defendant Nationstar Mortgage L.L.C. ("Nationstar").[2]

Plaintiffs' only allegation against the UnDefendants arises from two affidavits executed by named Defendant Lisa Holcomb[3] on behalf of Nationstar. (Complaint, ¶¶ 17-22).  Plaintiffs aver that PHS took the initiative in requesting the State Court to vacate the granting of summary judgment in favor of its client.  (Complaint, ¶ 19).  PHS took that step after it obtained

---

[1] Fannie Mae is "a government-sponsored enterprise chartered by Congress to keep money flowing to mortgage lenders, to help strengthen the U.S. housing and mortgage markets, and to support affordable homeownership."  FANNIE MAE, www.fanniemae.com ((last visited Dec. 27, 2011).  Freddie Mac is "one of America's biggest buyers of home mortgages" and "is a stockholder-owned corporation chartered by Congress in 1970 to keep money flowing to mortgage lenders in support of homeownership and rental housing." Id.

[2] In the caption of the Complaint, Plaintiffs identify the mortgage holder as "Nationwide Mortgage L.L.C." but then refers to "Nationstar Mortgage L.L.C." in the body of the Complaint. Plaintiffs should, at a minimum, amend the Complaint to correctly and consistently identify the parties in this litigation.

[3] The UnDefendants reserve the right, if dismissal is not granted, to move to dismiss under FRCP 19, but that matter is not ripe at this time.  The reason for an FRCP 19 motion would be that although Ms. Holcombe is named as a Defendant, she does not appear to have been served. Moreover, since Ms. Holcombe appears to reside in Texas, there would not appear to be any basis for personal jurisdiction.  So while Ms. Holcombe is presently a Defendant, if and when that is no longer the case, a motion to dismiss this litigation under FRCP 19(b) would be ripe.

information that led it to believe that it was appropriate to confirm certain information in the affidavits of its client before allowing the State Court Litigation to proceed.  For exercising sound professional judgment and honoring its responsibilities to the State Court, PHS – and also Full Spectrum, which was not even involved in these events – is alleged to have violated the FDCPA and Plaintiffs' civil rights, and to be liable for fraud and negligence under Pennsylvania law.  As set forth below, Plaintiffs' claims are at most mere recitations of legal elements (and, in some cases, not even that), are unsupported by facts, and are patently frivolous.  Plaintiffs' claims against the UnDefendants should be dismissed in their entirety, with prejudice, as a matter of law.

## III.   STANDARD OF REVIEW

A complaint will be dismissed under FRCP 12(b)(6) when it lacks factual allegations sufficient to establish a plausible claim for relief.  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).   The "short and plain statement of the claim" requirement of FRCP  8(a)(2) does not sanction a complaint that amounts to an "unadorned, the defendant-unlawfully-harmed-me accusation."  Id.   A complaint must provide "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."  Id. (citing Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007)).

The Third Circuit has provided clear guidance to District Courts in applying Iqbal and Twombly by engaging in a "two-part analysis."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  "First, the factual and legal elements of a claim should be separated.  The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions."  Id. at 210- 211 (citing Iqbal, 129 S.Ct. at 1950).  "Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that

the plaintiff has a 'plausible claim for relief.'" Id. at 211 (citing Iqbal, 129 S.Ct. at 1950).  The "plausibility" analysis is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 211 (citing Iqbal, 120 S.Ct. at 1949).

## IV.    LEGAL REASONING AND ARGUMENTS

The Complaint alleges four claims against both PHS and Full Spectrum:  negligence, fraud, FDCPA, and civil rights.  As set forth below, Plaintiffs' negligence and fraud claims are wholly barred by Pennsylvania's judicial privilege doctrine because those claims are based on alleged actions taken in the course of adversarial proceedings.  Alternatively, with respect to negligence, neither PHS nor Full Spectrum owes any duty to Plaintiffs, and Plaintiffs have failed to plead facts showing an entitlement to relief.  Alternatively, with respect to the allegations of fraud, Plaintiffs have failed to comply with the pleading standards for fraud under FRCP 9(b).  Plaintiffs' FDCPA claims against PHS should be dismissed because Plaintiffs have failed to allege any facts showing a violation by PHS, and because Full Spectrum, as a process server, is specifically exempt from liability under the FDCPA.  Finally, Plaintiffs' civil rights claims cannot be sustained, as neither PHS nor Full Spectrum were acting under color of state law by simply participating in the State Court Litigation.

### A.    Plaintiffs have Failed to State a Claim for Relief against PHS

#### 1.    Plaintiffs' Tort Claims (Negligence and Fraud) against PHS are Barred by Pennsylvania's Judicial Privilege

PHS is entitled to a dismissal of Plaintiffs' negligence and fraud claims because Pennsylvania's judicial privilege bars tort recovery for actions and statements in the course of litigation.  Under Pennsylvania law, "participants in judicial proceedings have an absolute privilege for communications related to the proceedings." LLMD of Michigan, Inc. v. Jackson-

Cross Co., 740 A.2d 186, 188 (Pa. 1999) (citing Binder v. Triangle Publications, Inc., 275 A.2d 53 (Pa. 1971)).  This privilege applies to a statements by "a party, a witness, **counsel**, or a judge," and is based on the established public policies for the purpose of enabling counsel "to best represent his client's interests" without the threat of being sued for his advocacy.  Id. at 189 (emphasis added).  While the genesis of the judicial privilege was to prohibit defamation actions, the Pennsylvania Supreme Court has held that the privilege bars any tort action, provided the underlying policy is applicable to the claim asserted.  See id. ("The witness immunity doctrine has been applied by the Superior Court in actions other than for defamation when the court has determined that the extension of immunity is in furtherance of the policy underlying the doctrine." (citing Clodgo v. Bowman, 601 A.2d 342, 345 (Pa. Super. Ct. 1992)) ("Regardless of the tort contained in the complaint, if the communication was made in connection with a judicial proceeding and was material and relevant to it, the privilege applies.") (applying the privilege to a professional malpractice claim); see also Buschel v. MetroCorp., 957 F. Supp. 595, 598-99 (E.D. Pa. 1996) (applying the privilege to bar an invasion of privacy claim).

In this case, Plaintiffs' claims for negligence and fraud are barred by the judicial privilege, as they are based on alleged actions taken by PHS in the representation of its client in the State Court Litigation.   As noted, the purpose of the privilege is to allow counsel to vigorously advocate for the client's best interests without the fear of a civil suit by the adversary. Since Pennsylvania law prohibits tort claims for actions taken in a judicial proceeding, Plaintiffs' claims for negligence and fraud should therefore be dismissed.

### 2.     Alternatively, Plaintiffs' Negligence Claim against PHS should be Dismissed because PHS owes no Duty to Non-Clients

In addition to the judicial privilege, PHS cannot be held liable for negligence because under Pennsylvania law, an attorney only owes a duty to his or her client.  See Smith v. Griffiths,

476 A.2d 22, 26 (Pa. Super. Ct. 1984) ("the law is clear that the attorney owes no duty of care to the adverse party but only to his own client.")  In <u>Smith</u>, the court rejected plaintiff's claim for attorney negligence based on advice an attorney had given to plaintiff's ex-wife in divorce proceedings.  The court dismissed plaintiff's claim, re-affirming the Pennsylvania Supreme Court's holding in <u>Guy v. Liederbach</u>, 421 A.2d 333 (Pa. 1980) that "an attorney will be held liable for negligence only to his client." <u>Id.</u> at 26; <u>see also</u> <u>Cost v. Cost</u>, 677 A.2d 1250, 1253-54 (Pa. Super. Ct. 1996) (attorney-client relationship is necessary to maintain an action against attorney for professional negligence); <u>Dowd v. Walsh</u>, CIV. A. 98-5743, 1999 WL 619338 at *2 (E.D. Pa. Aug. 16, 1999) (third party plaintiffs could not sue attorneys for negligence because "it is well-settled that an attorney's only duty is to his or her own client" and the attorneys were "in a potentially adverse position" to third party plaintiffs).

There is no dispute that PHS was representing Nationstar, and not Plaintiffs, in the State Court Litigation.  (<u>See</u> Complaint, ¶ 9) ("The factual predicate for this action originated from an action in mortgage foreclosure commenced by the Nationstar by their [sic] counsel Phelan . . ."). Therefore, Plaintiffs cannot maintain a negligence claim against PHS for actions taken in the scope of its representation of its client, Nationstar, since PHS owed no duty to Plaintiffs, the adverse parties, in the State Court Litigation.  Plaintiffs' negligence claim should be dismissed as a matter of law with respect to PHS.

### 3.   Plaintiffs have Failed to Plead any Facts Supporting their Fraud Claim against PHS

In addition to the judicial privilege, Plaintiffs' fraud claim should be dismissed on the basis that Plaintiffs have not complied with the federal pleading standards for fraud.

Since fraud claims could otherwise be easily conjured up, FRCP 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting the fraud or mistake shall be

stated with particularity. Malice, intent, knowledge, and other conditions of mind of a person may be averred generally." FRCP 9(b). The Third Circuit has held that to satisfy FRCP 9(b), a plaintiff must plead (1) a specific misrepresentation of material fact; (2) defendant's knowledge of its falsity; (3) plaintiff's ignorance of its falsity; (4) defendant's intention that it should be acted upon; and (5) that plaintiff acted upon it to his detriment. Shapiro v. UJB Financial Corp., 964 F.2d 272, 284 (3d Cir. 1992), cert. denied, 506 U.S. 934 (1992).

Allegations of the specific "date, place or time" of the alleged fraudulent conduct are the most appropriate manner of alleging fraud. However, in the plaintiff cannot provide that information, it must "use alternative means of injecting precision and some measure of substantiation into their allegations of fraud." In re Prudential Ins. Co. of Am. Sales Practices Litig., 975 F. Supp. 584, 595 (D.N.J. 1996) (internal citations omitted). The most important consideration is whether a plaintiff has provided sufficient detail regarding the fraud to afford each defendant an opportunity to counter the claim. Id. When there are multiple defendants against whom fraud is alleged, courts in the Third Circuit "abjure[ ] collective pleading and subscribe[ ] to the mandate of the rule that as to each defendant the circumstances constituting the fraud must be stated with particularity." Id. at 597 (internal citations omitted) (emphasis added).

In this case, Plaintiffs aver fraud as to all "Defendants" and make no attempt to comply with the FRCP requirement of pleading specifically as to the alleged fraud of each defendant. It is impossible for PHS to counter Plaintiffs' claim, because the Complaint contains no detail as to any specific actions of PHS that could amount to fraud.[4] Plaintiffs bear the heavy burden of

---

[4] It should also be noted that Plaintiffs' negligence claims similarly fail through their collective pleading, and lack of any specific allegations with respect to each Defendant. Plaintiffs simply

showing, by clear and convincing evidence, that PHS had actual knowledge, or was reckless as to truth or falsity, of the statements alleged to be false. Kit v. Mitchell, 771 A.2d 814, 819 (Pa. Super. Ct. 2001). This is a particularly high burden given the context of this case, and the well-established rule that "an attorney is entitled to rely in good faith upon the statement of facts made to him by his client." Kit v. Mitchell, 771 A.2d 814, 819 (Pa. Super. Ct. 2001). Plaintiffs have failed to plead with any particularity what false statement was allegedly made by PHS, let alone the state of mind of the maker of such a statement.

Plaintiffs' fraud claim with respect to PHS should be dismissed as a matter of law because Plaintiffs have utterly failed to comply with the particularized pleading standard of FRCP 9(b) with respect to a claim that in all events fails to meet the plausibility standard.

### 4.    Plaintiffs have Failed to State a Claim against PHS under the FDCPA

Plaintiffs fail to cite to any sections of the FDCPA, and do not set forth facts to support the alleged actions that could specifically constitute violations of the FDCPA. With respect to PHS, the relevant allegations seem to be that PHS filed a Complaint in the State Court Litigation on behalf of its client, and thereafter, when PHS had reason to believe that it was appropriate to confirm certain information provided to it by its client, PHS took the initiative of requesting that the State Court vacate the summary judgment PHS had obtained in favor of its client. (Complaint at ¶¶ 9, 17, 18). Those facts do not amount to a violation of any section of the FDCPA. Even accepting Plaintiffs' factual allegations in the light most favorable to them, including the allegation that the document at issue was "prepared" by PHS (Complaint at ¶ 20), Plaintiffs have completely failed to point to any false, deceptive, misleading, or unfair action by PHS. Indeed, the facts alleged show the opposite. PHS's candor to the Court and PHS's

---

claim that "Defendants were negligent" with no allegations specific to the duty, breach, causation or damages with respect to any specific Defendant.

integrity in continuing to monitor the accuracy of the information that had been provided in the

State Court Litigation cannot amount to a prima facie violation of the FDCPA.  Therefore,

Plaintiffs' FDCPA claim with respect to PHS should be dismissed as a matter of law.

### 5.    Plaintiffs' Civil Rights Claim is Patently Frivolous

Plaintiffs allege that the Civil Rights Act, 42 U.S.C. § 1983, is applicable because PHS, a

private actor, transformed itself into a "quasi-state actor[ ]" for purposes of that law by filing a

complaint.  (Complaint at ¶ 50).

It is well-established that to prove that a private actor was acting under color of state law,

"the defendant in a § 1983 action [must] have exercised power possessed by virtue of state law

and made possible only because the wrongdoer is clothed with the authority of state law."

Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995) (internal quotations

omitted).  As the Third Circuit held in Groman:

> a private action is not converted into one under color of state law merely by some
> tenuous connection to state action. The issue is not whether the state was involved
> in some way in the relevant events, but whether the action taken can be fairly
> attributed to the state itself.

Id.  Plaintiffs have failed to allege, let alone show, facts that support the allegation that PHS was

endowed with the authority of the Commonwealth of Pennsylvania such that its actions could be

fairly attributed to the Commonwealth of Pennsylvania for both state and federal constitutional

purposes.

Plaintiffs' civil rights claim should be dismissed as a matter of law.

**B.**     <u>**Plaintiffs have Failed to State a Claim Against Full Spectrum**</u>

   **1. Plaintiffs' Tort Claims (Negligence and Fraud) against Full Spectrum are Barred by Judicial Privilege**

For the same reasons that the tort claims should be dismissed at to PHS, those claims should be dismissed as against Full Spectrum.   See Section A(1), *supra.*

   **2. Alternatively, Full Spectrum owed No Duty of Care to Plaintiffs and therefore Cannot be Liable for Negligence**

Full Spectrum's role in the State Court Litigation was simply that of a process server. Plaintiffs' sweeping allegation that "[a]s a direct and proximate cause of the Defendant's[5] negligence Plaintiff have [sic] sustained damages" is insufficient as a matter of law.  (Complaint at ¶ 30).  Plaintiffs have engaged in **less than** a formulaic recitation of the elements of a claim, let alone set forth facts making it plausible that Full Spectrum was negligent.  Plaintiffs have not even bothered to plead duty, breach, causation, and damages with respect to any particular Defendant.  Therefore, Plaintiffs' negligence claim against Full Spectrum should be dismissed.

   **3. Alternatively, Plaintiffs have Failed to Plead any Facts Supporting their Fraud Claim as to PHS**

For the same reasons that the fraud claim should be dismissed at to PHS, that claim should be dismissed as against Full Spectrum.   See Section A(3), *supra.*

   **4. Full Spectrum is not a "Debt Collector" for purposes of the FDCPA**

It is beyond argument that only debt collectors are subject to the FDCPA.  Despite Plaintiffs' boilerplate assertion that "Defendants are debt collectors," Plaintiffs' claim with respect to Full Spectrum cannot be sustained as a matter of law.  (Complaint at ¶ 37).  Plaintiffs have not pled, and cannot plead, facts supporting their conclusory legal statement that Full

---

[5]  It is not clear which Defendant Plaintiffs are referring to in this allegation.

Spectrum is a debt collector.  Under <u>Twombly</u> and <u>Iqbal</u>, a court must accept factual assertions "but may disregard any legal conclusions."  <u>Fowler v. UPMC Shadyside,</u> 578 F.3d 203, 210 (3d Cir. 2009).  The categorization of Full Spectrum as a "debt collector" for purposes of the FDCPA is a legal conclusion that should be disregarded by this Court.  To obtain "debt collector" status requires a finding that a party's "principal purpose" of business is the "collection of any debts, or [that the party] regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C.A. § 1692a(6).

However, the FDCPA specifically exempts from the definition of debt collector "any person while serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt."  15 U.S.C.A. § 1692a(g)(D).  As Full Spectrum is a process server, the FDCPA claim against them should be dismissed as a matter of law.

Plaintiffs have failed to plead facts to support its conclusory legal statement that Full Spectrum is a debt collector, and its FDCPA claim should be dismissed on that basis.

### 5. Plaintiffs' Civil Rights Claim is Patently Frivolous

For the same reasons that the civil rights claim should be dismissed as to PHS, that claim should be dismissed as against Full Spectrum.   See Section A(5), *supra.*

## V.  CONCLUSION

For the foregoing reasons, Defendants PHS and Full Spectrum respectfully request that all claims asserted against them in Plaintiffs' Complaint be dismissed, with prejudice, for failing to state a claim upon which relief can be granted, and that the Court grant these Defendants such other and further relief as is appropriate, including costs and counsel fees.

Dated:  April 13, 2012                    By:    **FLASTER/GREENBERG P.C.**

                                                   *s/ Kenneth Goodkind*
                                                   Kenneth Goodkind
                                                   1810 Chapel Avenue West
                                                   Cherry Hill, NJ 08002
                                                   Tel: (856) 6661-1900
                                                   Fax: (856) 661-1919
                                                   *Attorneys for Defendant Phelan*
                                                   *Hallinan & Schmieg, L.L.P. and Full*
                                                   *Spectrum Services, Inc.*